MARILYN J. HOLTZ AND KENNETH R. HOLTZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holtz v. Commissioner
Docket No. 2476-78.
United States Tax Court
T.C. Memo 1982-436; 1982 Tax Ct. Memo LEXIS 304; 44 T.C.M. (CCH) 640; T.C.M. (RIA) 82436; August 2, 1982. *304 Held, deductions for business mileage, employee compensation and sales tax determined. Held further, petitioners are liable for an increased deficiency attributable to a mathematical error on their 1975 return. James H. Gilbert, for the petitioners. Martha E. Rist, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for 1974 and 1975 of $1,817.40 and $1,744.89, respectively, and an addition to tax under section 6651(a) [1] *305 for 1974 of $90.37. In an amended answer, respondent further claimed that petitioners' Federal tax return for 1975 contained an error in addition and consequently taxable income for that year was understated in the amount of $3,000. [2] Concessions having been made, the issues remaining for our decision are whether petitioners have substantiated their entitlement to deductions in excess of the amounts allowed by respondent for business mileage, helper compensation and State sales tax and whether petitioners are liable for an increased deficiency attributable to a mathematical error on their 1975 return. [3] FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners were residents of Burnsville, Minnesota, at the time the petition was filed in this case. Petitioners filed their 1974 Federal income tax return on or about January 5, 1976, and timely filed their Federal income tax return for the 1975 taxable year. During 1974 and 1975, Mr. Holtz was employed as a district *306 sales supervisor by the Minneapolis Star and Tribune Company. His duties consisted of hiring distributors, dealers, relay drivers, motor route drivers, and carriers for the delivery of newspapers. In that capacity Mr. Holtz hired himself as manager for two newspaper delivery routes: The Crystal Lake Motor Route and the Farmington Relay Route. Business Mileage
The Crystal Lake Motor Route consisted of the rural home delivery of morning, evening and Sunday editions of the newspaper to subscribers' mailboxes or other receptacles placed by the road. The Farmington Relay Route consisted of the delivery of newspaper in bulk to dropoff points where they picked up by individual carriers or motor route drivers for home delivery. The Minneapolis Star and Tribune Company established base mileage figures for each of its delivery routes. These figures were estimates of the number of miles required to be driven in order to complete a particular route. The company gave each route manager a discount on the cost of the newspapers according to a formula that utilized the applicable base mileage figure. Mr. Holtz, in his capacity as a district supervisor for the company, was involved in computing *307 the base mileage figures for the routes he supervised including the two routes he handled personally. The 1974 and 1975 base mileage figures for those two routes were as follows: Crystal Lake Motor Route
Morning
Evening
Sunday
1974
75
65
85
1975
80
70
90
Farmington Relay Route
1974
200
1975
200
The Farmington Relay Route delivery was made 6 days a week or 313 times a year. Both the morning and evening deliveries on the Crystal Lake Motor Route were also made 313 times a year. The Sunday delivery was made 52 times a year. Petitioners did not keep any records of mileage, odometer readings, or actual expenses relating to the business use of their personal automobiles during 1974 and 1975 but rather estimated mileage by using the base mileage figures for the two routes. Petitioners claimed deductions for 124,100 business miles in 1974 and 127,000 business miles in 1975. In the notice of deficiency Dated December 16, 1977, respondent allowed deductions for automobile expenses based on 116,400 business miles in 1974 and 119,060 business miles in 1975. [4] *308 Compensation Expenses
Mr. Holtz did not personally deliver newspapers on either the Crystal Lake Motor Route or the Farmington Relay Route during the years at issue. Rather, the newspaper delivery routes were completed by Mrs. Holtz, the petitioners' three sons, [5] and by other persons hired by the petitioners. The Crystal Lake Motor Route morning and evening edition deliveries required approximately 3-4 hours each to complete, the Sunday edition required approximately 6 hours, and the Farmington Relay Route required approximately 5 hours. The morning and Sunday routes began at approximately 1:00 A.M. and the evening route began at about noon. Mrs. Holtz drove "a good share" of the Crystal Lake morning route and occasionally drove the Farmington Route. She did not receive any wages or other compensation for this work. Mrs. Holtz did most of the bookkeeping work for the family newspaper delivery business. She billed subscribers and recorded payments received in a ledger but neither she nor Mr. Holtz kept any *309 formal records of any amounts they paid as compensation to individuals who assisted in the route deliveries. Although the days each helper worked were marked on calendars, none of the calendars was available at the time of the Internal Revenue Service audit. Petitioners usually paid their helpers on a weekly basis either by check or in cash but occasionally paid them daily if so requested. Petitioners sometimes compensated their sons for work performed on the family newspaper routes by purchasing items for them in lieu of money payments. Petitioners purchased an automobile, two motorcycles, a boat, skis, and a stereo component unit for their sons during the years at issue. Petitioners claimed deductions for helper compensation expenses in the amounts of $5,840 for 1974 and $9,960 for 1975. Respondent allowed deductions for these expenses of $80 and $2,430 for those years and disallowed the remainder on the basis that petitioners did not establish that such amounts were actually paid or that they were ordinary and necessary business expenses. Sales Tax
Petitioners claimed deductions for State sales tax of $483.70 for 1974 and $1,163.21 for 1975. Respondent allowed deductions *310 of $415 and $368 for those years respectively and disallowed the remainder. OPINION The issues for our decision are whether petitioners have adequately substantiated business expenses for mileage and helper compensation greater than that allowed by respondent and whether petitioners are entitled to a sales tax deduction in excess of that allowed by respondent. We must also determine whether the petitioners are liable for an increased deficiency based on a mathematical error in their 1975 return. Business Mileage
Section 162 permits the deduction of ordinary and necessary business expenses. [6] The fact that the type of expenses claimed by petitioner qualifies for deduction under this section is not disputed. Rather, respondent contends that the taxpayer has not proved his entitlement to a deduction for business mileage in excess of that allowed in the notice of deficiency. The deficiency determinations of the respondent are presumed to be correct and the petitioner *311 has the burden of proving them incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. After careful consideration of the evidence adduced by petitioners, we are unable to conclude that petitioners have met their burden on this issue. In fact, petitioners' evidence, even when construed in its most favorable light, does not support their claimed deduction but rather evidences generosity on respondent's part in this allowance of business mileage expenses. Mr. Holtz testified that he computed his business mileage deduction from the company's base mileage figures. The figures for the Crystal Lake Motor Route in 1974 were 75 miles in the morning, 65 miles in the evening and 85 miles on Sunday. He further testified that the figure for the Farmington Relay Route for both years was 200 miles. The Crystal Lake morning and evening routes and the Farmington Route were each driven 6 days a week or 313 times a year. The Crystal Lake Sunday Route was driven 52 times a year. Thus, according to these figures, petitioners incurred expenses for the following business miles in 1974: Route
Mileage
Crystal Lake Morning
75 X 313 = 23,475
Crystal Lake Evening
65 X 313 = 20,345
Crystal Lake Sunday
85 X  52 =  4,420
Farmington
200 X 313 = 62,600
Total
110,840
Respondent *312 allowed a deduction for 116,400 miles, a figure in excess of the base mileage figures. Petitioners, however, claimed a deduction for 124,100 business miles in 1974. The base mileage figures for each of the Crystal Lake routes increased by 5 miles in 1975. Accordingly, the business mileage incurred in 1975 was as follows: Route
Mileage
Crystal Lake Morning
80 X 313 = 25,040
Crystal Lake Evening
70 X 313 = 21,910
Crystal Lake Sunday
90 X  52 =  4,680
Farmington
200 X 313 = 62,600
Total
114,230 Respondent allowed a deduction for 119,060 of the 127,000 business miles claimed by petitioners in 1975. Other than a vague reference to additional business mileage, petitioners have not introduced any evidence accounting for the mileage expenses claimed by them in excess of the base mileage figures computation. Thus, even if additional incidental business mileage was incurred, we are unable to find that it exceeded the amounts allowed by respondent.[7] Accordingly, we must sustain respondent on this issue. Compensation Expenses
Section *313 162(a)(1) allows as an ordinary and necessary business expense deduction a "reasonable allowance for salaries or other compensation for personal services actually rendered." In addition to being reasonable, the compensation must be a payment made purely for services. Section 1.162-7(a), Income Tax Regs. A normal supposition when payments are made to dependent children or when items are purchased for them is that the money or items are in the nature of support and thus nondeductible under section 262. [8] Although it is possible for a bona fide employment relationship to exist between a parent and a child, the parent must establish that specific compensation was actually paid and also that the amount is reasonable for the services performed. Denman v. Commissioner,48 T.C. 439 (1967). Section 1.162-17 (d)(2), Income Tax Regs., notes that "[t]he Code contemplates that taxpayers keep such records as will be sufficient to enable the Commissioner to correctly determine income tax liability." The regulations further *314 provide that "[w]here records are incomplete or documentary proof is unavailable, it may be possible to establish the amount of the expenditures by approximations based upon reliable secondary sources of information and collateral evidence." Section 1.162-17(d)(3), Income Tax Regs.
Documentation supporting the disallowed compensation expenses no longer exists. Although Mrs. Holtz kept a ledger for recording the payments received for newspaper subscriptions, the petitioners themselves kept no record of the amounts paid as compensation for route deliveries. Instead, the helpers kept their own records by marking on a calendar the days that they delivered papers. [9] Petitioners testified that they hired their sons and several high school age boys to assist in completing the delivery routes and that they paid $10 per route during the week and $15-$20 for each Sunday route. Mrs. Holtz testified that the helpers were usually paid once a week but were paid on a daily basis if they needed the money. She did not ask for copies of the helper's records or make any notations on their calendars that they had been paid. Mr. Holtz testified that he often paid the helpers in cash because they had *315 difficulty cashing checks. In addition, petitioners sometimes paid their sons for work performed by purchasing items for them. Petitioners claimed deductions for compensation paid to helpers who assisted in the completion of the newspaper routes in the amounts of $5,840 for 1974 and $9,960 for 1975. Respondent allowed these deductions only to the extent of $80 in 1974 and $2,430 in 1975. As with other claimed deductions petitioner has the burden of proving his entitlement to the deduction. Welch v. Helvering,supra. Because Mrs. Holtz admitted that she drove "a good share" of the Crystal Lake morning route and occasionally drove the Farmington route it is clear that payments were not made for every route. Nevertheless, we do not believe that Mrs. Holtz made all the deliveries. Therefore, *316 despite the lack of records documenting exact amounts paid to the various individuals and the work they performed, the Court is convinced from petitioners' testimony that amounts in excess of those allowed by respondent were expended as compensation for services rendered to their newspaper delivery business. Thus, applying the rule of Cohan v. Commissioner,39 F.2d 540, 544 (2nd Cir. 1930), and "bearing heavily * * * upon the taxpayer whose inexactitude is of his own making", we find that the petitioners are entitled to deductions for compensation expenses in the amount of $3,600 for each year or additional deductions of $3,520 for 1974 and $1,170 for 1975. [10]
Sales Tax
Taxpayers are entitled to deduct amounts paid as State general sales tax under section 164(a)(4). The Minnesota State sales tax is 4 percent of the retail sales price of *317 personal property. Minn. Stat. Ann. sec. 297A.02. However, in Minnesota no sales tax is imposed on such items as food purchased from grocery stores, medicine and drugs, and clothing. Minn. Stat. Ann. sec. 297A.25, subd. 1(a), 1(b) and 1(g). Petitioners claimed deductions for sales tax for 1974 and 1975 in the amounts of $483.70 and $1,163.21, respectively. In the notice of deficiency respondent allowed deductions for sales tax in the amounts of $415 and $368 and disallowed the remainder. Petitioner presented no evidence concerning sales tax paid in 1974. To support his sales tax deduction of $1,163.21 for 1975 petitioner introduced a 3-page, handwritten summary consisting of a list of purported payees and amounts totalling $26,130.23. No specific evidence was introduced to indicate what items were purchased or whether sales tax was actually paid. Petitioner also introduced cancelled checks totalling $12,347.91. Neither the summary nor the cancelled checks introduced by petitioner demonstrates that items were purchased upon which sales tax was imposed and therefore we find them of little relevance to this issue. Due to the lack of credible evidence we must sustain respondent's *318 finding. Increased Deficiency
Respondent asserted an increased deficiency in petitioners' 1975 income taxes based on a mathematical error on the attached Schedule C. Respondent has the burden of proof when an increase in the deficiency is asserted. Rule 142(a), Tax Court Rules of Practice and Procedure. We find respondent has met this burden by the introduction of petitioners' 1975 Federal income tax return. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, and in effect during the years in issue. 2. Respondent contends that the $3,000 error in addition on Schedule C of petitioners' Federal income tax return for 1975 results in a $747.75 increase in Federal income tax due and thus a corresponding increase in the deficiency for that yesr to $2,492.64. (The increased deficiency includes an allowance for an additional sales tax deduction attributable to the $3,000 understatement of income.) ↩
3. Petitioners expressly conceded several miscellaneous adjustments in the stipulation of facts and impliedly conceded the remaining adjustments at trial by stating that only the mileage, helper expenses and sales tax deductions remain in dispute.↩
4. Petitioner claimed a deduction of $15,342 for 1974 and $13,450 for 1975 for business mileage. Respondent allowed these deductions in the amount of $12,390 and $12,656 for those years and disallowed the remainder.
5. Kenneth A. Holtz was 17 and 18 years old during the years at issue, Keven was 10 and 11 and Kent was 5 and 6.↩
6. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *.↩
7. Respondent allowed a deduction for 5,560 miles in 1974 and 4,830 in 1975 in excess of the figures introduced by petitioners to support their deductions for those years.↩
8. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
9. The testimony is contradictory on this point. Mr. Holtz testified that he and Mrs. Holtz kept calendar records for the helpers, other than their sons. He testified that their sons kept their own calendar records. In contrast, Mrs. Holtz testified that all the helpers kept their own calendars and that they kept no independent records. In any event, no records were available at the time of audit.↩
10. We find it unnecessary to decide whether the items that petitioners claimed were purchased for their sons in payment for work performed on the newspaper routes in fact constituted bona fide compensation. Rather, we find that petitioners' sons or other individuals performed services and total compensation expenses were incurred in these amounts.↩